**Thomas Eugene MOORE,
Plaintiff—Appellant,**

v.

**Anthony A. LAMARQUE, Warden; Edward J. Caden; M.P. Monteiro; J. Batchelor; D.M. Mantel; M. Treadwell; Rick Manuel; P. Mandeville, Defendants—Appellees.**

**No. 06–15724.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed July 3, 2007.

Ryan B. Polk, Esq., Gordon & Rees, LLP, San Francisco, CA, for Plaintiff–Appellant.

Thomas Eugene Moore, Susanville, CA, pro se.

Julianne Mossler, Esq., California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and FEESS *, District Judge.

---

\* The Honorable Gary A. Feess, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Thomas Eugene Moore brought suit in the district court pursuant to 42 U.S.C. § 1983, seeking compensatory damages from prison officials for alleged violations of the Eighth Amendment. Even if prison officials violated Moore's constitutional right to exercise, reasonable prison officials in Appellees' position would not have understood that what they were doing violated that right, and therefore qualified immunity shields Appellees from suit in the first instance.

The purpose of the qualified immunity rule is to protect from suit government officials who make reasonable mistakes in the course of duty. It provides protection for "all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed,* 500 U.S. 478, 495, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). "[I]f a [constitutional] violation could be made out on a favorable view of the parties' submissions, the next … step is to ask whether the right was clearly established." *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202, 121 S.Ct. 2151. Whether a right is clearly established must be undertaken in light of the specific context of the case, rather than as a broad general proposition. *Id.* at 201, 121 S.Ct. 2151.

The district court examined Ninth Circuit cases addressing outdoor exercise for prisoners, and observed correctly that each case involved factual situations that included harsh or degrading conditions, making some access to outdoor exercise an Eighth Amendment requirement. *See,*

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

e.g., *Spain v. Procunier*, 600 F.2d 189 (9th Cir.1979); *Toussaint v. Yockey*, 722 F.2d 1490 (9th Cir.1984); *LeMaire v. Maass*, 12 F.3d 1444 (9th Cir.1993); *Allen v. City & County of Honolulu*, 39 F.3d 936 (9th Cir. 1994); *Allen v. Sakai*, 48 F.3d 1082 (9th Cir.1994); *Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000). The prison officials Moore seeks to hold personally liable were following prison policy governing C-status inmates, pursuant to which Moore received out-of-cell time, some outdoor time except when security concerns mandated otherwise, and regular contact with other inmates. Moore could have changed his own circumstances by agreeing to adhere to prison work-program policy. Moore provided no evidence, other than conclusory statements in his pleadings, that the conditions of his confinement were harsh or degrading like those where the court has concluded access to outdoor exercise was necessary to avoid an Eighth Amendment violation.

The district court concluded correctly that the circumstances of Moore's confinement did not demonstrate to reasonable prison officials that Moore's deprivation of outdoor exercise violated a clearly established right. Even assuming that prison officials violated the Eighth Amendment, the district court did not err in granting summary judgment to Appellees on the issue of qualified immunity.

**AFFIRMED.**

SCHROEDER, Chief Judge, concurring.

I concur in the result because I believe the district court properly found there was no deliberate indifference to the prisoner's rights in the circumstances of this case. There was no constitutional violation for that reason, and I would not reach qualified immunity.